FILED

FEB 17 2012


CLERK

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KATHY LUTGEN,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF<br>SOCIAL SERVICES,<br><br>Defendant. | CI 12-4030<br><br>COMPLAINT<br>(Violation of Americans with Disability Act,<br>Punitive Damages) |

I.

INTRODUCTION

1.      This is an action for damages brought by an individual for Defendant's violations of the Americans with Disability Act and Punitive Damages.

II.

PARTIES

2.      Plaintiff, Kathy Lutgen, is a natural person residing in Yankton, South Dakota.

3.      Defendant, South Dakota Department of Social Services, is a governmental department of the state of South Dakota responsible for the Human Services Center located in Yankton, South Dakota which was previously under the South Dakota Department of Human Services.

III.

FACTUAL ALLEGATIONS

4.      The Plaintiff is a person with disabilities, both physical and mental that began working on Oak I adolescent unit at the Human Services Center on September 11, 2006.

5.      The Plaintiff received positive and appreciative performance evaluations for all work history.

6.      The Plaintiff never received a verbal or written behavioral reprimand from the Defendant.

7.      The Plaintiff received numerous awards from the Defendant as awards for her work. Including recognition in the Monthly Newsletter in May of 2010 and ironically received a

character counts awards same month.

8. The Plaintiff's goal was to stay in Yankton and retire from HSC, as a counselor because she enjoy working and hopefully helping adolescents improve difficult life experiences.

9. The Plaintiff became very ill and missed considerable time under FMLA starting in May of 2009. She was diagnosed with thyroid cancer from her service in the United States Army due to her exposure to microwave radiation.

10. In 2009, The Plaintiff told her supervisor, Cindy Cihak before any radiation treatment in 2009 about the symptoms and that she would be sick on and off due to that.

11. The Plaintiffl requested and received FMLA from her employer after her physician, Cladia lanes-Little, M.D. wrote a letter and completed the forms for FMLA.

12. The Plaintiff is affected by the disability in her capacity to work.

13. The Plaintiff has had a breast tumor removed and have been on FMLA intermittently for 2009 to her termination due to her cancer.

14. The Plaintiff traveled to the VA in Sioux Falls, for treatment of her thyroid and lymph glands. The Plaintiff now has immune problems. Again in May of 2010, The Plaintiff requested more FMLA due to her ongoing treatment.

15. The Plaintiff's cancer treatment leave her exhausted and tired. She has a compromised immune system and she struggles to overcome the simplest of infections. An average person would not have her exhaustion or immunity problems.

16. Due to the Plaintiff's cancer, she has anxiety and depression. She can complete the physical tasks required in day-to-day living but after cancer treatment she needs time to rebuild her energy and stamina. That is the reason she was on FMLA.

17. The Plaintiff's treatment involves the taking of medications. The Plaintiff medicates herself with zolpidem tartrate to help sleep, clonazepam for anti-anxiety, lamotrigine to preventatively treat her seizures, cita.lopram hydrobromide for her depression, lezothyroxine to suppress her thyroid cancer, I-124 as radiation treatment, cytomel for her thyroid medication to slow psychotic behavior when she am has a psychotic episode. Some of the side effects the Plaintiff has from her medications include vertigo and she received medication called meclizine hcl to treat it.

18. As a result, the Plaintiff has anger issues, complete exhaustion, depression, unable to eat, vomiting, diarrhea, and menstrual bleeding for six (6) weeks.

19. The Plaintiff's disability required a mere scheduling accommodation to allow her to continue her cancer treatments and regain her strength.

20. The Plaintiff discovered that her supervisors' initial accommodation of her treatment was actually false. Her supervisor alleged that the Plaintiff quit after another employee became upset with the Plaintiff at a meeting.

21. The Plaintiff never quit her employment and disputes her assertion.

22. The Plaintiff was terminated while in treatment for cancer which was bothersome for her employer.

23. The Plaintiff received two (2) protection orders for co-workers alleging the Plaintiff threatened them. The Plaintiff resisted the protection orders and the co-workers summarily dropped the protection orders when they were facing cross-examination.

24. The Defendant requested Yankton Police to travel to the Plaintiffs residence to retrieve her identification and keys when they knew she was convalescing from her recent treatment.

IV.

Count I

(Violation of the Americans with Disabilities Act)

25. Plaintiffs repeat, and reallege and incorporate by reference paragraphs one through twenty-four above.

26. Defendant, South Dakota Department of Social Services, as the entity with oversight over the Human Services Center violated the Americans with Disability Act.

   (A) The Defendant violated 42 U.S.C. § 12112 et. seq.
   (B) The Defendant violated federal law by discriminative activity against Kathy Lutgen.

27. The Defendant, has a duty to accommodate disabled employees.

28. Kathy Lutgen informed the Defendant of her disabilities.

29. The Defendant failed to accommodate any request made by Kathy Lutgen to help her with her disabilities.

30. The Defendant acted with reckless indifference to the rights of Kathy Lutgen in accommodating her disabilities resulting in both compensatory and punitive damages.

## Count 2

### (Punitive Damages)

31. Plaintiffs repeat, and reallege and incorporate by reference paragraphs one through twenty-four above.
32. The Defendant's actions of oppression were intentional or willful and wanton evidencing a disregard for humanity.
33. Plaintiff was enduring intolerable treatment from her employer.
34. The Defendant made working conditions for the Plaintiff intolerable.
35. The Defendants actions justify an award of punitive damages to punish the Defendant.

WHEREFORE, the Plaintiff prays for the following:

1. Demands judgment against the Defendant for compensatory damages and punitive damages on her Americans with Disability Act claim,
2. Injunctive relief requiring the institution of policies and procedures to protect employees from discrimination;
3. For all of Plaintiffs costs, disbursements, and attorneys' fees pursuant to federal law;
4. For punitive damages in an amount to be proven at trial; and
5. For such other and further relief as the Court deems just and proper under the circumstances.

Dated at Sioux Falls, South Dakota, on February 17, 2012.

John Ryan Pekas
Attorney-At-Law
3101 W. 41st #214
Sioux Falls, SD  57105

Leo T. Flynn
Attorney-At-Law
3101 W. 41st #214
Sioux Falls, SD 57105

Demand for Jury Trial

Plaintiff respectfully demands trial by jury on all issues of fact.

_____  /s/ Pek

John Ryan Pekas
Attorney-At-Law
3101 W. 41st #214
Sioux Falls, SD 57105

Leo T. Flynn
Attorney-At-Law
3101 W. 41st #214
Sioux Falls, SD 57105