UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY LUTGEN, | ) | CIV. 12-4030-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| SOUTH DAKOTA DEPARTMENT | ) | MOTION TO DISMISS |
| OF SOCIAL SERVICES and | ) | SOUTH DAKOTA DEPARTMENT OF |
| CINDY CIHAK in her official and | ) | SOCIAL SERVICES |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Kathy Lutgen, brought a claim against defendants, South Dakota Department of Social Services (DSS) and Cindy Cihak in her official and individual capacity, alleging that they violated Lutgen's rights under Title I of the Americans with Disabilities Act of 1990 (ADA). DSS moves to dismiss the claims against it for lack of subject matter jurisdiction, or alternatively, for failure to state a claim, claiming sovereign immunity. Lutgen opposes the motion. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

The pertinent facts, according to the amended complaint (Docket 13), are as follows:

DSS is a government department of the state of South Dakota responsible for the Human Services Center located in Yankton, South Dakota. Lutgen is a

person with disabilities who began working at the Human Services Center on September 11, 2006.

Lutgen's employment with the Human Services Center was terminated while she was in treatment for cancer. Lutgen alleges that such termination was a direct result of her disabilities. She also alleges that the Human Services Center failed to adequately accommodate her disabilities throughout her employment there.

## STANDARD OF REVIEW

The motion to dismiss before the court is brought pursuant to both Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. As DSS argues in its brief, the Rule 12(b)(1) challenge is a facial attack on Lutgen's claim. Docket 6 at 5-6. "A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). A Rule 12(b)(6) motion to dismiss requires the court to accept as true all factual allegations contained in a complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317 (8th Cir. 2004). The complaint "should

not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (citation omitted).

## ANALYSIS

DSS argues that Lutgen's claim against it, regardless of the relief sought, is barred by sovereign immunity and the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Absent state consent or congressional abrogation, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

There is no indication that South Dakota or DSS has consented to this lawsuit,[1] and, thus, abrogation by Congress is required to bypass the protection afforded to DSS by the Eleventh Amendment. *See id.* "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.' " *Garrett*, 531 U.S. at 363 (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)). There is no doubt that Congress unequivocally intended to abrogate states'

---

[1] Lutgen does not argue that consent applies here.

Eleventh Amendment immunity under the ADA. *See Tennessee v. Lane*, 541 U.S. 509, 518 (2004); *Garrett*, 531 U.S. at 364. The issue, then, is whether Congress acted pursuant to a valid grant of constitutional authority when it subjected states and their agencies to suits in federal court under the ADA. *Garrett*, 531 U.S. at 364.

As noted in *Garrett*, "Congress may subject nonconsenting States to suit in federal court when it does so pursuant to a valid exercise of its § 5 [of the Fourteenth Amendment] power." 531 U.S. at 364. In *Garrett*, the Supreme Court "concluded that Title I of the ADA was not a valid exercise of Congress's § 5 power to enforce the Fourteenth Amendment's prohibition on unconstitutional disability discrimination in public employment." *Lane*, 541 U.S. at 521. Because Lutgen's employment claim arises under Title I of the ADA,[2] Lutgen cannot successfully assert that congressional abrogation applies here.

Lutgen argues that under the *Ex parte Young* doctrine, the Eleventh Amendment is not applicable when a plaintiff seeks prospective injunctive relief against state officers in their official capacities. *See Ex parte Young*, 209 U.S. 123, 167-68 (1908). The DSS, however, is a state agency, and it is well known that the *Ex parte Young* doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico*

---

[2] Lutgen's claim is based entirely on employment discrimination on the basis of disability. Thus, it falls under Title I of the ADA. *See* 42 U.S.C. §§ 12111-12117. Lutgen recognizes this in her brief. Docket 18 at 4.

*Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Thus, the *Ex parte Young* doctrine is inapplicable here.[3]

The court finds that DSS is afforded sovereign immunity from Lutgen's claims against it, regardless of the relief sought.

## CONCLUSION

DSS has effectively asserted its sovereign immunity defense. Neither South Dakota nor DSS consented to waive immunity here. Congress has not abrogated states' sovereign immunity from claims brought under Title I of the ADA. The *Ex parte Young* doctrine does not apply when a prospective injunction is sought against a state or state agency, regardless of the relief sought. The court, therefore, finds that DSS is immune from Lutgen's claims. Accordingly, it is

ORDERED that defendant's motion to dismiss South Dakota Department of Social Services (Docket 5) is granted.

IT IS FURTHER ORDERED that defendant's renewed motion to dismiss (Docket 15) is denied as moot.

Dated September 27, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[3] The *Ex parte Young* doctrine may very well be applicable against a state officer acting in his or her individual capacity. *See Garrett*, 531 U.S. at 374 n.9.